IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-693

_____

GARRY CARROLL,

    Plaintiff,

vs.

CONTINENTAL AUTOMOTIVE, INC.,
and PENSION PLAN FOR HOURLY-PAID
EMPLOYEES OF CONTINENTAL
AUTOMOTIVE, INC. AND CERTAIN
AFFILIATE COMPANIES,

    Defendants.

_____

## COMPLAINT

### PARTIES

1. Plaintiff, Garry Carroll ("Carroll"), is a citizen and resident of Gaston County, North Carolina.

2. Upon information and belief, Defendant, Continental Automotive, Inc. ("Continental"), is a Delaware corporation that does substantial business in the Western District of North Carolina.

3. Upon information and belief, Defendant, Pension Plan for Hourly-Paid Employees of Continental Automotive, Inc. and Certain Affiliated Companies ("the Plan") is an "employee pension benefit plan" within the meaning the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(2).

4. The Plan is subject to being sued as a separate entity pursuant to 29 U.S.C. §1132(d)(1).

5. Upon information and belief, Defendant Continental is the Plan Sponsor.

6. Upon information and belief, Robert Wilder is the Plan Administrator.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

8. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendants' doing business in this district.

## FACTUAL ALLEGATIONS

9. Carroll's employment with Defendant Continental began on February 12, 1979 in the Charlotte, North Carolina Continental tire plant.

10. On December 13, 2008, Carroll was laid off by Defendant Continental.

11. Upon information and belief, around this time, Defendant Continental ceased tire production at the Charlotte tire plant and laid off approximately 500 employees, including Carroll.

12. At or around the time of his layoff, Carroll spoke to Mike Briggs, the Charlotte plant manager, who confirmed that Carroll's accrued vacation time would be added to his approximately 29 years and 10 months of vesting service to bridge the gap to reach 30 years of service.

13. On December 13, 2010, Carroll's recall rights expired and his employment

with Defendant Continental was terminated.

14. Carroll worked for Defendant Continental uninterrupted from February 12, 1979 until December 13, 2010, when he was terminated.

15. Defendant Continental awarded Carroll with a Certificate of Recognition, attached hereto as Exhibit 1, "in Grateful Appreciation for 30 Years of Dedicated Service," apparently signed by Matthias Schonberg, Chief Executive Officer of Defendant Continental.

16. On or about June 14, 2012, Carroll contacted Defendant Continental and attempted to apply for Regular Early Retirement ("RER") pension benefits.

17. On June 15, 2012, Defendant Continental wrote to Carroll to inform him that he is entitled to a Deferred Vested Pension ("DVP").

18. On December 6, 2012, Carroll wrote to Defendant Continental and inquired as to why he had not yet received a decision on his claim for RER pension benefits.

19. On February 4, 2013, Defendant Continental informed Carroll that he had not yet applied for RER pension benefits.

20. On February 16, 2013, Carroll applied for RER pension benefits in writing.

21. Having heard nothing, on or about March 24, 2013, Carroll again contacted Defendant Continental about the status of his application for RER pension benefits.

22. On April 5, 2013, Defendant Continental informed Carroll that it had determined that he is not eligible for RER pension benefits because it had determined that he needed at least thirty (30) years of service, but that it had determined that Carroll only had 29.8361 years of vesting service.

23. Defendant Continental therefore denied his claim for RER pension benefits.

24. On April 19, 2013, Carroll informed Defendant Continental of his intent to appeal the denial of his claim for RER pension benefits.

25. Also in the April 19, 2013 letter, Carroll formally requested all Plan documents required by ERISA in writing, requesting copies of:

> a. the entire "Administrative Record" connected with this benefit claim, the pension policy, the Summary Plan Description, claim processing notes and other documents relied upon by Continental and any other claims fiduciaries in denying the claim.
>
> b. any internal administrative guidelines, operating procedures, policies, definitions, or other documents used by the Plan in determining that Garry Carroll is not eligible for RER under the Plan.

26. On May 30, 2013, Carroll appealed the denial of his claim for RER pension benefits.

27. Defendant Continental failed to provide the Plan documents within 30 days, as is required, instead failing to provide any documents until June 14, 2013, some 56 days after Carroll's written request.

28. Carroll was therefore forced to appeal without the benefit of access to any of the Plan documents.

29. On July 29, 2013, Defendant Continental acknowledged receipt of Carroll's appeal and informed Carroll that it was taking an extension of time to decide Carroll's appeal until "no later than September 27, 2013, as provided in the claims regulations."

30. Defendant Continental failed to decide Carroll's appeal by its deadline of September 27, 2013.

31. By letter dated October 8, 2013 and received by Carroll on or about October 9, 2013, Defendants informed Carroll that his appeal was denied.

32. Despite the fact that the undersigned counsel submitted Carroll's appeal, to date, Defendants have never provided Carroll's undersigned counsel with a copy of its denial, sending it only to Carroll individually.

33. The undersigned counsel only learned about the denial from Carroll directly.

34. Carroll has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

### FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

35. The allegations of paragraphs 1 through 34 are re-alleged and incorporated herein by reference as if fully set forth.

36. Defendants have wrongfully denied benefits to Carroll in violation of the Plan provisions and ERISA for the following reasons:

    a. Carroll has been wrongfully denied pension benefits;

    b. Carroll has been wrongfully denied earned service credit;

    c. Carroll has been wrongfully denied Regular Early Retirement;

5
Case 3:13-cv-00693-GCM-DCK   Document 1   Filed 12/17/13   Page 5 of 9

d. Defendants failed to accord proper weight to the evidence in the administrative record;

e. Defendants' interpretations of the definitions contained in the Plan, including but not limited to: "Early Retirement," "Regular Early Retirement," "Regular Early Retirement Benefit," "Discontinuance of Operations," and "Vesting and Eligibility Service," are contrary to and exceed the permissible scope of the provisions of ERISA and are unreasonable;

f. Defendants have violated their contractual obligation to furnish retirement benefits to Carroll; and

g. Carroll has been treated differently from similarly situated Continental employees.

## SECOND CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA FOR FAILING TO AFFORD PLAINTIFF HIS ADMINISTRATIVE DUE PROCESS RIGHTS

37. The allegations of paragraphs 1 through 36 are re-alleged and incorporated herein by reference as if fully set forth.

38. Defendants are required under ERISA and applicable federal regulations to provide Carroll with a fair and impartial administrative review process.

39. Defendants must give adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the

participant.

40. Defendants must give Carroll a reasonable opportunity for a full and fair review of the decision denying the claim.

41. In the administrative appeal process, Defendants must provide an opportunity for Carroll to review all pertinent information considered by Defendants in denying benefits, and to challenge the denial by submitting additional information showing why he is entitled to benefits, in response to specific grounds for denial articulated by Defendants.

42. By letter dated April 19, 2013, Carroll requested the entire administrative record, as well as numerous other documents that he is entitled to under ERISA, as described more fully in paragraph 27, *supra*.

43. Carroll was forced to formulate his appeal without the benefit of the documents to which he is entitled under ERISA.

44. Even after some documents were provided on June 14, 2013, Carroll is informed and believes that Defendants failed to furnish him with all documents that properly should be contained in the administrative record.

45. Defendants also took an extension of time to decide Carroll's appeal until September 27, 2013, but failed to render said decision until October 8, 2013, which was received by Carroll on October 9, 2013.

46. Defendants failed to afford Carroll with an adequate, timely administrative review.

47. To date, Defendants have failed to provide Carroll's undersigned legal

counsel, who submitted the appeal on his behalf, with its denial decision.

48. As a result of Defendants' failure to produce all relevant documents, untimely appeal decision, and failure to even notify Carroll's counsel about its adverse decision, Carroll's ability to pursue his administrative appeal was compromised, and as a result of these actions individually and collectively, Defendants failed to furnish Carroll with a fair and impartial administrative review process.

49. Defendants failed to afford Carroll his basic due process guarantees required by ERISA and the regulations promulgated thereunder.

## THIRD CLAIM FOR RELIEF: STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS REQUIRED BY ERISA, 29 U.S.C. §§ 1024 and 1132

50. The allegations of paragraphs 1 through 49 are re-alleged and incorporated herein by reference as if fully set forth.

51. After Defendants denied Carroll's claim for RER pension benefits, Carroll's counsel wrote to Defendants on April 19, 2013 requesting a copy of the entire administrative record, as more fully described in paragraph 27, *supra*.

52. Defendants mailed a copy of certain records, on June 14, 2013.

53. Carroll is informed and believes that Defendants failed to furnish Carroll with all documents that properly should be contained in the administrative record.

54. Carroll is entitled to recover statutory damages from Defendants, calculated at the rate of $110 per day, from May 19, 2013 (thirty days after the date of Plaintiff's April 19, 2013 request), and continuing until the correct documents are produced,

8
Case 3:13-cv-00693-GCM-DCK   Document 1   Filed 12/17/13   Page 8 of 9

pursuant to 29 U.S.C. § 1021 and 29 U.S.C. § 1133.

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to Regular Early Retirement pension benefits under the terms of the Plan;

2. Enter an Order granting Plaintiff statutory damages for Defendants' failure to produce relevant documents;

3. Enter an Order awarding Plaintiff all reasonable attorney fees, including costs and expenses incurred as a result of Defendants' wrongful denial; and

4. Enter an award for such other relief as may be just and appropriate.

Dated this the 17th day of December, 2013.

/s/Norris A. Adams, II
Norris A. Adams, II
ESSEX RICHARDS, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Ph: 704/377-4300
Fax: 704/372-1357
E-mail: nadams@essexrichards.com
N.C. Bar No. 32552

*Attorney for Plaintiff*